23    413<br>
25 SC ¹231

## Shitler *versus* Bremer.

1. In relation to the handwriting of the defendant a witness said he had never seen him write—had seen his writing—had seen his name to orders as school director brought to him as teacher—this "looks like it—resembles it—can't say I believe it to be his writing for there is a possibility of mistake." Another said he had seen him write—"can't say this is his writing—can't say I believe it to be—there is a slight resemblance of some letters—seven years since I saw his writing." *Held*, that there was no error in submitting the evidence to the jury.

2. A naked admission of indebtedness without indicating the amount of the debt or of the promised payment, or the nature of the claim, will not prevent the bar of the statute.

ERROR to the Common Pleas of *Berks county*.

This was an action of debt, brought on 5th March, 1851, in favor of Shitler v. Bremer, on book account for goods sold and delivered and on defendant's promise to pay. The plea of the statute was interposed.

The book account was for tobacco sold on 29th July, 1840, amounting to $109.63; and evidence was given of the plaintiff's book. To avoid the statute, a letter, alleged to have been written by defendant, was offered, dated July 6, 1846. It was objected to; and to prove the handwriting in it, a witness testified that he never saw Daniel Shitler write; "I have seen his writing; I have seen orders signed by him, that children brought to me as teacher, when he was a school director; there is a general resemblance to his handwriting. This looks like it—resembles it—can't say I believe it to be his writing, for there is a possibility of mistake."

2 M 2

[Shitler *v*. Bremer.]

Another witness testified that he had seen defendant write; " can't say this is his writing; can't say I believe it; there is a slight resemblance of some letters; seven years since I saw his writing; no resemblance in D's as he writes now."

The letter was admitted. In it, the writer requested the plaintiff to wait about two months longer, then he would come down and pay some, and all before long, and interest from April last, 1846, till paid. JONES, P. J., charged that the letter, if believed to have been written by the defendant, took the case out of the operation of the statute of limitations." Verdict for plaintiff. The instruction was assigned for error.

(See the case of Suter *v*. Sheeler, 10 *Harris* 308.)

*Banks*, for plaintiff in error.—It was admitted that if a witness has the proper knowledge of a party's handwriting, he may declare his belief as to the handwriting in question: 1 *Greenleaf* 576; 1 *Barr* 384. But before it is allowable for a witness to express his belief, he must state facts and circumstances to show that he has sufficient knowledge to enable him to speak with reasonable certainty. It must not be guess-work or mere probability: 1 *Harris* 647, Porter *v*. Wilson. The rule is stated in *Phil. Ev.* 421; 1 *Wharton* 399. 2. To take the case out of the statute, the promise must not be vague or uncertain: 5 *Harris* 289; *Id.* 303; 2 *Id.* 481; 4 *Barr* 324; 10 *Watts* 174; 1 *Peters Rep.* 387. In the letter the nature of the debt and amount of it is not stated: 10 *Barr* 128.

*E. L. Smith*, contrà, referred to case of Reader *v*. Grim, 3 *P. L. J.* 65; Huff *v*. Richardson, 7 *Harris* 389.

The opinion of the Court was delivered by

KNOX, J.—The evidence given to prove that the letter was in the handwriting of the defendant below was very slight. One witness said "it looks like it; resembles it; can't say I believe it to be his writing, for there is a possibility of mistake; there is a general resemblance." Another says "there is a slight resemblance of some letters." We cannot say that it was error in the Court to submit this evidence to the jury.

There was error, however, in the effect given to the letter after the signature was established. The suit was brought to recover for goods sold eleven years before its commencement. The defendants plead the statute, and the admission contained in the letter was simply that he was indebted to the plaintiff, coupled with a promise to pay "some in two months, and all before long, with interest from April, 1846." The letter was dated in July, 1846. Now, without attempting a review of the decisions made by our predecessors, upon the requisites to avoid the bar of the statute of

[Shitler v. Bremer.]

limitations, it is sufficient to say, that we have recently held, in an unreported case,* that a naked admission of indebtedness, without in any way indicating the amount or nature of the debt, or a promise to pay something without any reference to the sum to be paid, or what it is to be paid for, is no answer to the plea of the statute.   Here the letter relied upon as a promise to pay, and admission of a debt due, was entirely silent as to how much was due, what sum would be paid, or what was the character of the debt—whether one, or $1000; due for land or goods; founded upon a contract with or without a consideration.

Had the case referred to been reported, and brought to the notice of the Court of Common Pleas, it would doubtless have produced a different result.   As it was not, the error must be corrected in another trial.

Judgment reversed and a *venire de novo* awarded.

* See 10 *Harris* 308, Suter v. Sheeler.